## Case No. 17,801.

### WILSON et al. v. DANDRIDGE et al.

[1 Cranch, C. C. 160.] [1]

Circuit Court, District of Columbia. March 26, 1804.

#### CHANCERY ATTACHMENT—PRACTICE.

In a chancery attachment in Virginia, the court may order the attached debt to be paid over to the plaintiff, on his giving security to refund, &c., although the plaintiff's right may be doubtful.

Attachment in chancery. Motion by Mr. Swann, to order Ricketts & Newton, the garnishees, to pay the money to the plaintiffs on security to return, &c., under the second section of the act of Virginia of December 26, 1792 (Old Rev. Code, p. 122).

Mr. Jones, for Ricketts & Newton, two of the defendants. This court has no jurisdiction to make an order that Ricketts & Newton should pay the money to the plaintiffs on their giving security, because the person (Comark) named as executor, has disclaimed the office of executor, and administration has been committed to James H. Hooe, who is made a defendant, and has answered. There is, therefore, no absent debtor. Even if Comark had acted as executor, under the will and probate in St. Domingo, yet he would have no control over the debts due to the testator in this district, according to the decision of the supreme court of the United States in the case of Fenwick v. Sears' Adm'r, 1 Cranch [5 U. S.] 259.

Mr. Swann, contra. The second section of the act is explained by the fifth section. The words of the second section, are, "any absent defendants, and others within the state indebted to such absent defendants." The decision of the supreme court in Fenwick v. Sears' Adm'r applies only to administrators, not to executors. The latter derive their authority from the will. The executor, therefore, is the real debtor, although the probate was in a foreign country.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Jones, in reply. The only evidence of the debt due from Ricketts & Newton, to Dandridge, is from their confession; the whole must be taken together, exactly as they have stated it. Hooe has obtained administration since filing the bill, and has been made a party at this term. It would interfere with the priority due to the bond debts, &c.

Mr. Swann. This is the business of the administrator to look to.

Motion granted.